UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:19-cr-110 (JAM) |
| TERRANCE CLARK, *Defendant*. | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Terrance Clark is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the rapidly spreading coronavirus ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A)(i) to amend his sentence to "time served" due to "extraordinary and compelling reasons." I will deny the motion.

#### BACKGROUND

On September 25, 2019, I sentenced Clark principally to a term of 7-and-a-half years of imprisonment, which included a term of 5 years of imprisonment on a charge of possession of a firearm in furtherance of a drug trafficking offense and 2-and-a-half years of imprisonment on a charge of unlawful possession of a firearm by a felon. Doc. #47. The sentence imposed was lower than what the Sentencing Guidelines recommended (a term of imprisonment between 117 and 131 months). Doc. #33 at 17 (¶ 62). Clark is serving his sentence and is scheduled to be released from BOP custody in August 2023.

Clark is now 26 years old. Doc. #53 at 1. As both parties note, in the Presentence Investigation Report, Clark reported that he suffers from "minor asthma and allergies" and that he usually uses an inhaler before going to sleep and sometimes when he wakes up. Doc. #33 at 15 (¶ 53). Clark's medical records that have been filed under seal confirm that he has a history of

asthma and that he uses an albuterol inhaler and nasal spray. *See, e.g.*, Doc. #53 at 16, 22, 34, 41. Clark's medical records also indicate that he was "hospitalized and intubated during childhood" and that he was "hospitalized 2 nights in 2017 for exacerbation" while he was "working in [a] dusty environment." *Id.* at 9; Doc. #53-1 at 4; *see also* Doc. #58.

Clark is currently incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania. Doc. #51 at 1. At the time of this ruling, FCI Schuylkill reports 61 active inmate cases of COVID-19 and 13 active staff cases.[1]

On May 16, 2020, Clark submitted a request for compassionate release to the warden at FCI Schuylkill, which was denied on June 9, 2020. Doc. #51-1 at 1. Clark's counsel submitted this motion for release on his behalf. Doc. #51. The Government opposes Clark's motion. Doc. #56. The parties do not dispute that Clark has properly exhausted the administrative remedies required before the filing of his motion for release. *Id.* at 4.

## DISCUSSION

Federal law—18 U.S.C. § 3582(c)(1)(A)(i)—allows a court to grant a prisoner's motion for sentence reduction if there are "extraordinary and compelling reasons" to do so. *See generally United States v. Brooker*, 976 F.3d 228, 231-34 (2d Cir. 2020). As relevant here, the statute directs courts to consider the following issues before granting any motion for sentence reduction. First, a court must consider whether the prisoner has satisfied the statute's mandatory exhaustion requirement. Second, a court must consider whether there are extraordinary and compelling reasons that might warrant a sentence reduction, such as a threat to a prisoner's health if he remains imprisoned. Third, notwithstanding any such extraordinary and compelling

---

[1] *See* Federal Bureau of Prisons, COVID-19 cases, available at https://www.bop.gov/coronavirus [https://perma.cc/9N2V-69A8] (last accessed January 7, 2021).

reasons, a court must consider whether in its discretion a sentence reduction is warranted in light of the purposes of sentencing under 18 U.S.C. § 3553.

I first address whether Clark has shown "extraordinary and compelling reasons" that could warrant a sentence reduction. There is no doubt that the COVID-19 pandemic is extraordinary, having killed more than three hundred thousand people in the United States over the course of the pandemic. But Clark has failed to show that his asthma places him at an appreciable risk of contracting COVID-19. Clark's asthmatic symptoms are currently managed by his prescription albuterol inhaler. And while Clark's medical records indicate that he was hospitalized in 2017, these records also make clear that this hospitalization occurred while Clark was working in a dusty environment. Doc. #53-1 at 4.[2] Clark states his earlier hospitalizations are from childhood. Doc. #51-1 at 2. Further, as the Government notes, the Centers for Disease Control ("CDC")'s current recommendations state that individuals with moderate to severe asthma "might be at an increased risk for severe illness from the virus that causes COVID-19,"[3] not that they are in a higher risk category such that they *will* be at an increased risk. *See, e.g.*, *United States v. Heaphy*, 2020 WL 5633285, at \*3 (D. Conn. 2020) (noting that under CDC guidelines, even if the defendant "could establish he has moderate to severe asthma, it would only signify that [he] 'might be at an increased risk for severe illness from COVID-19'").

Clark asserts that while in BOP custody, he is "not allowed to social distance nor wash his hands as is required by the CDC guidelines." Doc. #51-1 at 12. In his supplemental memorandum, Clark asserts that FCI Schuylkill is not conducting mass testing of inmates, is still

---

[2] Clark's medical records documenting this 2017 incident state that Clark's symptoms began approximately four weeks prior, though it had been "much worse over the last 24 hours." Doc. #58 at 1. This document also states Clark has "mild asthma" and that he "has never been admitted for asthma in the past." *Ibid.*

[3] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), "People with Certain Medical Conditions," last updated December 29, 2020, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/U4FH-HYYW] (emphasis added) (last accessed January 7, 2021).

conducting inmate transfers, is not quarantining incoming inmates, and is not providing inmates with bleach or other products to clean and sanitize their living quarters. Doc. #57 at 3. Clark further asserts that he does not have proper cleaning supplies, that many of the personnel are not wearing masks, and that there is not a mask mandate. *Ibid.* But although it is concerning that there are a significant number of active COVID-19 cases at FCI Schuylkill, Clark has not shown that the risk he personally faces from COVID-19 while imprisoned is enough to constitute an extraordinary and compelling reason for his release from imprisonment.[4]

I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Clark pleaded guilty to knowingly possessing a firearm in furtherance of a drug trafficking crime and unlawfully possessing a firearm as a convicted felon. Doc. #22. Clark has multiple prior convictions, including a conviction from 2015 for stealing a firearm, lacking a pistol permit, and possessing narcotics as well as a conviction for possession with intent to sell/dispense narcotics. Doc. #33 at 9-11. Clark committed his most recent crime while under a criminal justice sentence for the 2015 conviction. *Id.* at 11 (¶ 39). Clark's drug dealing and his seeming record of carrying firearms are concerning considering the dangers they pose to the community. While Clark has not had any disciplinary issues while in BOP custody, I find that the purposes of sentencing—including just punishment, protection of the public, and deterrence—would not be well-served by granting Clark an early release from imprisonment.

---

[4] To the extent Clark also seeks to raise a claim that his conditions of confinement are in violation of the Eighth Amendment's prohibition on cruel and unusual punishment, *see* Doc. #51-1 at 10-11, this Court does not have jurisdiction to prescribe the conditions of confinement at FCI Schuylkill, and any such constitutional challenge to the conditions of his confinement should be raised by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that names the federal prison warden as a defendant and that is filed in the U.S. District Court for the Middle District of Pennsylvania where FCI Schuylkill is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

## CONCLUSION

For the reasons set forth above, the Court DENIES the motion of defendant Terrance Clark for compassionate release. Doc. #51.

It is so ordered.

Dated at New Haven this 7th day of January 2021.

                                                    /s/ *Jeffrey Alker Meyer*
                                                  Jeffrey Alker Meyer
                                                  United States District Judge